# Supreme Court of the Navajo Nation

## Thomas S. Joe, Plaintiff-Appellant,
### v.
## John T. Atkins, et al. , Defendants-Appellees.
### Decided August 12, 1988

## OPINION

Before BLUEHOUSE, Acting Chief Justice, AUSTIN and YAZZIE (sitting by designation), Associate Justices.

J. Tonny Bowman, Esq., Tohatchi, New Mexico, for the Appellant; R. Thomas Dailey, Esq., Farmington, New Mexico, for the Appellees.

Opinion delivered by BLUEHOUSE, Acting Chief Justice.

This case comes before this Court on appeal for the second time. In this and other respects, this case is similar to *Benally v. Holtsoi*, 6 Nav. R. 35 (1988). Here appellant first appealed the January 25, 1988 order of the Shiprock District Court, which dismissed the civil complaint and motion for restraining order for lack of jurisdiction. On March 17, 1988, appellant's appeal was dismissed for lack of jurisdiction for failure to comply with the requirements of Rule 7(a) of the Navajo Rules of Civil Appellate Procedure (1987). *Joe v. Atkins*, 6 Nav. R. 8 (1988). Appellant failed to attach a certified copy of the district court's final order to his notice of appeal. The appeal, therefore, was not perfected.

Concurrent with filing the first notice of appeal, appellant filed in the district court a motion for reconsideration of the January 25, 1988 order. Appellant's motion for reconsideration sought "to reopen the case pursuant to Rule 23, Rules of Civil Procedure, for reconsideration and correction of the order of January 25, 1988." The district court dismissed the motion for reconsideration on April 7, 1988, and ruled that motions for reconsideration were abolished under the Navajo Rules of Civil Appellate Procedure. Appellant filed his second notice of appeal from the denial of his motion for reconsideration on May 6, 1988. We affirm the decision of the district court. The motion for reconsideration has been abolished by the Navajo Rules of Civil Appellate Procedure and may not be raised under Rule 23 of the Navajo Rules of Civil Procedure. *Benally v. Holtsoi*, 6 Nav. R. 35 (1988).

This Court would have addressed the issue of jurisdiction on the merits of appellant's argument at the time of the first appeal if appellant had perfected his

notice of appeal. This Court lost jurisdiction to hear an appeal from the dismissal order entered on January 25, 1988.

Appellant's attempt to argue the legal issues and merits of his original complaint and to reargue his earlier position on the jurisdictional issue, which may be proper in appellate review, is improper as a Rule 23 motion to the district court to reopen its judgment that it lacked jurisdiction. The motion offered no new evidence or basis for correcting errors in the district court's dismissal for lack of jurisdiction. The motion only offered unsupported allegations of prejudice and conspiracy against judicial officers, perjury and trespass by the defendants, and wrongful discharge. Appellant, therefore, did not provide any rational basis for a motion to reopen a decision dismissing the case for lack of jurisdiction, but instead presented matters and issues not properly before the district court. The Rule 23 motion is not designed to avoid the consequences of a failure to perfect an appeal. *See Chavez v. Tome*, 5 Nav. R. 183, 188-189 (1987).

The appeal is therefore dismissed.